IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

GILBERT McTHUNEL,                                                    PLAINTIFF

v.                                                 Civil Action No.: 2:04CV152-SAA

JO ANNE B. BARNHART,
Commissioner of Social Security,                                     DEFENDANT

## MEMORANDUM OPINION

This case involves an application pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Gilbert McThunel for period of disability and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI of the Social Security Act. Plaintiff applied for DIB and SSI on or about July 13, 2001, and alleged that he became disabled on November 1, 1999, due to back problems resulting from an accident at work. (R. 53-55.) The requests were denied, and plaintiff sought review by an administrative law judge ("ALJ"). In an opinion dated February 24, 2004, the ALJ found the plaintiff was not disabled and denied his requests for benefits. (R. 8-16.) On April 16, 2004, the appeals council found no basis for review of the ALJ's decision. (R. 4-6.) The plaintiff now appeals to this court. The parties consented to have a magistrate judge conduct all the proceedings in this case, therefore the undersigned has authority to address the issues raised in this appeal and issue the instant opinion and final judgment.

The plaintiff was born on April 15, 1958, and he was forty-five (45) years of age at the time of the hearing before the ALJ in this case. Plaintiff completed high school, and his

employment history includes highway maintenance for the Department of Transportation, sales route driver for Coca-Cola, automotive body repair, Federal Express cargo handler and Corps of Engineers maintenance worker. Plaintiff originally claimed disability due to his back problems, (R. 86), but he testified at a hearing before the ALJ that he also suffered from depression and diabetes. (R. 244, 246.)

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon the plaintiff throughout the first four steps of this five-step process to prove disability, and if the plaintiff is successful in sustaining his burden at each of the first four levels then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, the plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude the plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[2] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[4] 20 C.F.R. §§ 404.1520, 416.920 (2003).

[5] 20 C.F.R. § 404.1520(d), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. §§ 404.1525, 416.925 (2003).

and mental demands of his past relevant work.[6] At step five the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which the plaintiff can perform, the plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence, and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). "To be substantial, evidence must be relevant and sufficient for a reasonable mind to accept it as adequate to support a conclusion; it must be more than a scintilla but it need not be a preponderance . . . ." *Anderson v. Sullivan,* 887 F.2d 630, 633 (5th Cir. 1989) (citation omitted). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994) (citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971)).

In the case at bar the ALJ initially found that plaintiff's degenerative changes in the lumbar spine, mild posterior element changes and depressive disorder constituted "severe" impairments within the meaning of the Act but did not meet or equal a listed impairment. (R. 15.) Although plaintiff's residual functional capacity was such that he could not return to his past relevant work, the ALJ relied upon the Medical-Vocational Guidelines as a framework for

---

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[7] 20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[8] *Muse*, 925 F.2d at 789.

decision-making and the testimony of a vocational expert in determining that there existed other jobs in the national and state economies which plaintiff could perform. (R. 16.) Accordingly, the ALJ concluded plaintiff was not disabled, (R. 16), and the Appeals Council agreed. (R. 4-6.)

Plaintiff now contends that the ALJ's decision was not supported by substantial evidence. First, plaintiff claims the hypothetical question to the vocational expert was insufficient because it did not incorporate all the impairments from which plaintiff suffers, specifically plaintiff's depression, pain and the side effects of pain medication. The transcript reveals that the ALJ presented five (5) hypothetical questions to the VE, and the VE testified under all but the last one that the plaintiff would be able perform either his past relevant work or other unskilled jobs that exist in the national economy. (R. 252-57.) The ALJ's ultimate conclusion was that plaintiff retained the physical capacity to perform a limited range of light work, specifically that he could lift/carry no more than twenty pounds occasionally and ten pounds frequently, perform postural activities only occasionally and had only fair ability to maintain attention and concentration. (R. 15.)

Despite plaintiff's protestations, the court finds substantial evidence supported the conclusions underlying the hypothetical upon which the ALJ relied. A VE's testimony, in response to a hypothetical question containing all of plaintiff's impairments, is itself substantial evidence to support the ALJ's decision. *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). However, not only must a hypothetical question include all the plaintiff's impairments, there must also be substantial evidence to support the assumptions the ALJ made in posing the question to the vocational expert. *Johnson v. Harris*, 612 F.2d 993, 998 (5th Cir. 1980) (citing *Stubbs v. Matthews*, 554 F.2d 1251 (5th Cir. 1977); *see* Arthur J. Fried, *A Disability Appeal*

4

*Primer*, 9 SOC. SEC. REP. SERV. 971, 1003 (1985) (citations omitted) ("[W]here one of the hypotheses contained in the hypothetical question does not fit the facts of the case (that is, where there is no substantial evidence in the record to support a finding consistent with the hypotheses) . . . the answer to the question does not constitute substantial evidence to support a finding that the claimant is capable of engaging in substantial gainful activity.").

The test in this circuit is whether the hypothetical question "can be said to incorporate reasonably all disabilities of the claimant" and whether "the claimant or his representative is afforded the opportunity to correct deficiencies in the ALJ's question . . . ." *Bowling*, 36 F3d at 436. In electing to use this version of the test, the Fifth Circuit Court of Appeals expressly relied on and quoted an Eighth Circuit decision which held "[u]nless there is record evidence to adequately support [assumptions made by a vocational expert], the opinion expressed by the vocational expert is meaningless." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (second alteration in original); *Morse v. Shalala*, 16 F.3d 865, 874 (8th Cir. 1995) ("There is no medical evidence to support the ALJ's assumptions, and a hypothetical question based solely upon the ALJ's assumptions, without medical corroboration, is devoid of usefulness or meaning.") (citation omitted). Therefore, if substantial evidence does not support each of the hypotheses included in the question to the vocational expert, the expert's response does not provide substantial evidence to support a finding that plaintiff is not disabled.

In this case, the ALJ reviewed the evidence of record and concluded plaintiff's RFC allowed him to lift ten to twenty pounds; occasionally crawl, crouch, balance, climb, stoop and squat; and maintain attention and concentration at a fair level. The court cannot conclude that these findings lacked substantial evidence or that the ALJ committed reversible error by not

5

addressing depression, medication or diabetes in greater detail. Dr. Small's January 2004 consultative mental evaluation did indicate plaintiff exhibited symptoms of depression and anhedonia, (R. 171), while the Veterans Administration ("VA") records contain a "positive" depression screen. (R. 165.) Plaintiff also testified to depression at the hearing. (R. 246.) However, the only medical evidence of limitation attributable to plaintiff's mental state is Small's opinion that plaintiff had a diminished capacity for continued effort at repeated tasks, (R. 171), and the fourth version of the hypothetical to the VE did state plaintiff had only "fair" ability to maintain concentration and pace. (R. 256-57.) Moreover, the only evidence whatsoever of any diabetic limitation is plaintiff's own testimony that it caused him to use the bathroom up to twice per hour. (R. 244.) Plaintiff acknowledged that he only "guessed" it was diabetes that caused him to have to use the bathroom so often, and although the VA records contain several diagnoses of diabetes mellitus there are no limitations linked to the condition. (R. 185-209.) For the ALJ to have assumed any degree of occupational limitation due to diabetes would have been rank speculation. The ALJ expressly stated that plaintiff's impairments, in combination, failed to meet or equal a listed impairment, (R. 15), and the only evidence of limitations due to the side effects of pain medication is plaintiff's testimony that it sometimes caused constipation and fatigue. (R. 238.) This argument of plaintiff's does not require remand.

    Nor does the argument that the ALJ failed to properly accord controlling weight to plaintiff's treating physicians, particularly those of the VA who treated plaintiff over a of months between August 2002 and December 2003. (R. 172-208.) It is true that the VA records cover a longer period than any of the other medical records in evidence, but they do not undermine the ALJ's conclusions in this case. The VA records indicate plaintiff suffered from moderate spinal

6

narrowing and sclerosis, (R. 175), and VA staff physician Latrina Wimberly's medical assessment form limits plaintiff to occasional lifting of up to ten pounds. (R. 160.) Defendant posits that the ALJ appropriately declined to give controlling weight to Dr. Wimberly because the opinion was not supported by objective testing and was against the weight of the other evidence of record which indicated plaintiff could lift up to 66 pounds. (R. 130.) Although the evidence of plaintiff lifting 66 pounds was from 2000, and Dr. Wimberly's July 2003 medical assessment is more recent, the record contains no evidence that Wimberly's opinion was based upon objective evidence, and the medical assessment from Dr. Lowe after his October 2003 orthopedic consultation also indicates plaintiff can lift up to 50 pounds occasionally and twenty-five pounds frequently. (R. 165.) In short, the ALJ's decision was supported by "more than a scintilla" of the relevant evidence, *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002), and the undersigned concludes the substantial evidence standard was met. Accordingly, the undersigned concludes the commissioner's decision should be affirmed and this case dismissed with prejudice. A separate final judgment in accordance with this opinion shall issue this day.

This the 6th day of May 2005.

      /s/ S. Allan Alexander
    UNITED STATES MAGISTRATE JUDGE